UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULINE SHIEGEL,<br><br>    Plaintiff(s),<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant(s). | Case No. 2:21-cv-00556-NJK<br><br>**ORDER** |

This is a social security appeal in which Plaintiff appears to argue that the ALJ erred by characterizing temporary circumstances as representative of Plaintiff's overall mental health condition, that the mental health findings made by the ALJ are not supported by the record as a whole, and/or that the mental health findings made by the ALJ do not show that Plaintiff is able to work. *See, e.g.*, Docket No. 30 at 12-15. The Ninth Circuit has developed a robust jurisprudence on these types of issues in the context of mental health, but neither party has provided meaningful discussion of these cases. *Cf. Green v. Berryhill*, 2018 WL 4291960, at *7 (D. Nev. Aug. 20, 2018) (citing *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016), *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014), *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014), *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008), and *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)), *adopted*, 2018 WL 4286165 (D. Nev. Sept. 6, 2018).[1,2] The

---

[1] The Commissioner cites to one Ninth Circuit case for the proposition that improvement with treatment can undermine a claim of disability in the mental health context. *See* Docket No. 32 at 9 (citing *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017)). The Commissioner does not provide meaningful explanation as to why that case governs based on the record for this appeal as opposed to the contrary Ninth Circuit case law concluding that an ALJ erred with respect to mental health improvement. *See, e.g.*, *Garrison*, 759 F.3d at 1017-18.

[2] While it appears that the Ninth Circuit cases may be pertinent to the issues in this case, the Court does not herein express any opinion on the merits of the parties' arguments.

1

parties' arguments should be presented in the context of the Ninth Circuit's case law on these issues.

In light of the above, the Court hereby orders as follows:

First, after reviewing the cases cited herein and conducting their own appropriate research into Ninth Circuit law on the specific issues raised in this appeal, counsel must confer on whether a stipulation to remand is appropriate. This conference must take place in person, by telephone, or by video, and must be completed by January 28, 2022.

Second, to the extent a stipulation to remand is not filed, Plaintiff must file a supplemental brief explaining in meaningful fashion how Ninth Circuit case law impacts (or does not impact) the particular arguments presented in this case. That supplemental brief must be no longer than 15 pages and must be filed by February 4, 2022. A supplemental response thereto (also limited to 15 pages) must be filed by the Commissioner by February 18, 2022. Any reply (limited to ten pages) must be filed by February 25, 2022.

IT IS SO ORDERED.

Dated: January 18, 2022

_____
Nancy J. Koppe
United States Magistrate Judge